UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
FEB 24 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

ELAINE CAROL LITTLE,

        Plaintiff,

v.

        Civil Action No.: 2:15cv47

CAROLYN W. COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Elaine Carol Little's ("Plaintiff") Objections to the Report and Recommendation of the Magistrate Judge. Doc. 14. For the reasons explained below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report & Recommendation ("R&R"), Doc. 13.

### I. BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets for, inter alia, the following facts. Plaintiff filed an application for disability insurance benefits ("DIB") with the Social Security Administration ("SSA") on August 18, 2008, alleging a disability onset date of July 29, 2008. R&R at 2. The application alleged that Plaintiff suffered from a mini-stroke, or a transient ischemic attack ("TIA"), in July 2008. Id. Additionally, Plaintiff later stated that prior to her TIA she had developed arthritis in her cervical spine and pain in her right knee. Id. at 5. Plaintiff's

1

application was denied initially, as well as upon reconsideration.[1] Id. Plaintiff then requested an administrative hearing, which was conducted on May 11, 2010. Id.; see also R. 22–41. Following the hearing, Administrative Law Judge ("ALJ") William T. Vest concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's claim for disability benefits. R. 8–10. Plaintiff sought to appeal the ALJ's decision, but the Appeals Council denied her request for review on March 30, 2012, making the ALJ's decision the Commissioner's final decision. R&R at 2; see also R. 1–3.

On May 31, 2012, Plaintiff filed a Complaint against the Commissioner of Social Security ("the Commissioner"), seeking judicial review of the Commissioner's decision. See Doc. 1 (2:12cv300). On June 7, 2013, United States District Judge Raymond A. Jackson of the Eastern District of Virginia remanded the case to the ALJ, R. 601–10, and the Appeals Council sent the case to an ALJ on August 13, 2013, R. 628.

ALJ Vest conducted another hearing on February 10, 2014. R. 550–600. Following this hearing, the ALJ again concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied her claim for disability benefits. Id. at 531–44. Plaintiff sought to appeal the ALJ's decision, but the Appeals Council denied her request for review on December 1, 2014. Id. at 514–17. This denial made the ALJ's decision the Commissioner's final decision. Id.

Plaintiff filed the instant action on February 2, 2015, seeking judicial review of the Acting Commissioner's decision. See Doc. 1. The Acting Commissioner filed an Answer on April 7, 2015. Doc. 4. After this Court referred this matter to a Magistrate Judge on April 8, 2015, both parties filed motions for summary judgment. Docs. 8, 11. Plaintiff also filed a

---

[1] Plaintiff's initial application was denied on October 16, 2008. Certified Administrative Record ("R") 44–48. Plaintiff's request for reconsideration was denied on June 19, 2009. R. 53–58.

motion to remand. Doc. 9. On December 28, 2015, the Magistrate Judge issued the R&R, which concludes that substantial evidence supports the ALJ's decision and that Plaintiff is capable of performing her past relevant work as a computer data entry operator within the limits of her residual functional capacity. Doc. 13 at 12–23. Accordingly, the Magistrate Judge recommends that summary judgment be issued in favor of the Acting Commissioner. Id. at 24.

Plaintiff filed her objections to the R&R on January 11, 2016. Doc. 14. Defendant filed a response to the objections on January 25, 2016, Doc. 15, and this matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

In exercising de novo review, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's

decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

### III. ANALYSIS

Plaintiff disagrees with the ALJ's conclusion that she is not eligible for Social Security Disability Benefits. See Doc. 14 at 1. In her motion for summary judgment, Plaintiff asserts that the ALJ erred (1) by finding that Plaintiff could perform her past work as a data entry operator; (2) in failing to properly weigh the medical evidence and to properly determine Plaintiff's residential functional capacity; and (3) in failing to make appropriate credibility findings. Doc. 10.

In the R&R, the Magistrate Judge rejects Plaintiff's arguments and recommends that the Acting Commissioner's final decision be affirmed, first, because Plaintiff failed to prove that she could not perform her past relevant work as a data entry operator. Doc. 13 at 12–14. Second, the Magistrate Judge found that the ALJ properly weighed the medical evidence and that substantial evidence in the record supported the ALJ's decision to give little weight to the opinion of Dr. Charles, Plaintiff's treating physician. Id. at 16. Finally, the Magistrate Judge found that "the ALJ's credibility determination was supported by substantial evidence, and he did not err in concluding that despite some pain and difficulty in some routine activities, Ms. Little is able to perform light work." Id. at 23.

In her objections to the R&R, Plaintiff requests that the R&R not be adopted and that the Commissioner's denial be reversed or remanded for the following reasons: (1) because the ALJ

4

failed to properly weigh the medical evidence and failed to properly determine Plaintiff's residual functional capacity ("RFC"); and (2) because the ALJ failed to make appropriate credibility determinations. Doc. 14 at 2, 6.

**A. The ALJ Properly Weighed the Medical Evidence, and Substantial Evidence Supported His Determination of Plaintiff's Residual Functional Capacity.**

In her objections, Plaintiff claims that the ALJ erred by not affording the opinion of Dr. Charles, Plaintiff's treating physician, significant weight. See Doc. 14 at 2. She also alleges that the ALJ placed undue weight on Plaintiff's statements regarding her daily activities and on the opinions from non-examining state agency medical consultants. Id. at 3–4.

Usually, "the opinion of a claimant's treating physician [should] be given great weight and may be disregarded only if there is persuasive contradictory evidence." See, e.g., Craig, 76 at 589 (citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)) (internal quotations omitted). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under 20 C.F.R. § 404.1527, if the ALJ does not give the treating physician's opinion controlling weight, the ALJ must consider the following factors in determining the appropriate weight to afford a medical source's opinion: (1) examining relationship; (2) treatment relationship; (3) supportability; (4) consistency; and (5) specialization. 20 C.F.R. § 404.1527(c).

In Craig, the Fourth Circuit held that the ALJ did not err in rejecting a treating physician's opinion that the claimant was disabled. 76 F.3d at 590. This doctor, the court noted, submitted a conclusory opinion based on the claimant's subjective reports of pain, and the physician's own medical notes contradicted his opinion that the claimant was disabled. Id. Similarly, in Johnson, the Fourth Circuit upheld the ALJ's decision to discredit a treating

physician's opinion, since "it was not supported by clinical evidence and because it inexplicably conflicted with [the doctor's prior] evaluation and other medical opinions." 434 F.3d at 656. While there is a "distinction between a doctor's notes for purposes of treatment and that doctor's ultimate opinion on the claimant's ability to work," Brownawell v. Comm'r of Soc. Security, 554 F.3d 352, 356 (3d. Cir. 2008), an ALJ is authorized to consider the record as a whole, including a treating physician's notes and progress notes. See, e.g., Craig, 76 F.3d at 590 (upholding the ALJ's rejection of the treating physician's opinion because the record contained persuasive contradictory evidence and the treating physician's own notes contradicted his opinion).

Additionally, an ALJ may consider a claimant's reports concerning her activities of daily living when determining the proper amount of weight to afford a treating physician's opinion. See id. at 590. In Craig, the Fourth Circuit noted that the claimant "remained able to perform significant housework," and the court considered this evidence in conjunction with the treating physician's medical notes to determine that there existed sufficient evidence in the record to justify the ALJ's rejection of the treating physician's opinion. Id. Conversely, in Hines v. Barnhart, the Fourth Circuit rejected the ALJ's decision not to rely on a treating physician's opinion. 453 F.3d 559, 565–66 (4th Cir. 2006). The Fourth Circuit noted that the doctor's opinion and the claimant's testimony concerning his daily activities were not inconsistent and both actually supported the idea that the claimant was disabled, since the ALJ "selectively cited evidence concerning tasks which [the claimant] was capable of performing" and ignored the claimant's testimony regarding his pain, even when performing these tasks. Id.

The ALJ may also consider non-examining physicians' opinions. See Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986) (noting that the non-examining physician's testimony can constitute substantial evidence). In Smith, the Fourth Circuit specified that the

proposition that "a non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record" is narrow. Id. at 345. Therefore, while the opinion of a non-examining physician cannot by itself support a denial of disability benefits if it is contradicted by all of the other evidence in the record, the ALJ is entitled to consider such an opinion if it is consistent with the record or "if the medical expert testimony from examining or treating physicians goes both ways." Id. at 346; see also Johnson, 434 F.3d at 657 (noting that although the doctor at issue "is not a treating physician, the ALJ properly awarded his opinion significant weight because [the doctor] thoroughly reviewed [the claimant's] medical records, the objective medical evidence supports [the doctor's] conclusion, and his opinion is consistent with other medical opinions."). Additionally, the ALJ must give reasons for rejecting the opinions of a treating physician in favor of non-examining doctors' opinions. See Radford v. Colvin, 734 F.3d 288, 295–96 (4th Cir. 2013).

Here, the ALJ did not afford Dr. Charles's opinion that Plaintiff is disabled and has a capacity for less than sedentary work involving even low stress controlling weight, because that opinion is inconsistent with evidence in the record and appears to be "based on the claimant's own statements, rather than [Dr. Charles's] own observations and examination findings." R. 537, 543. Just as the treating physicians' medical notes in Craig and Johnson contradicted the doctors' later statements that their patients were disabled, 76 F.3d at 590; 434 F.3d at 656, Dr. Charles's medical notes and progress reports do not show any evidence of a disability between the date of Plaintiff's TIA and the date Plaintiff was last insured. In fact, Dr. Charles's progress notes contradict his later assertion that Plaintiff is disabled. For example, although Dr. Charles wrote in 2010 that Plaintiff's "severe arthritis, in combination with the dual effects of her TIA,

have rendered her permanently disable as there have been no reported improvement in her symptoms," R. 511, Dr. Charles noted in his progress notes on August 27, 2008 – approximately one month after the alleged disability onset date – that Plaintiff was "doing well except some mild muscle aches" and that her "symptoms are relieved by medications." R. 364. Dr. Charles wrote on the Multiple Impairment Questionnaire that Plaintiff had "no pain" and that his most recent exam of her at that time was December 30, 2008, although he also wrote that she was incapable of even low stress. R. 186-87; R. 191. His note that "Plaintiff had TIA in July and has had problems with concentration, focus and stress since then" does not appear to be based on a medical test but rather appears to be based on his evaluation of Plaintiff's subjective reports. The ALJ specifically noted that "repeated physical examinations from 2007 through at least 2009 were remarkable only for paravertebral muscle spasms and tenderness of the lumbar spine. Examinations were negative for restricted range of motion of the spine and extremities, edema, motor weakness, and sensory and reflex deficits." R. 541. These exams also "revealed good range of motion with no swelling" of the knees, shoulders, and elbows. R. 541. The ALJ also found that "prior to the expiration of the claimant's insured status, the claimant required only very conservative treatment for pain." R. 542. Additionally, Dr. Holland, a neurologist, disagreed with Dr. Charles that Plaintiff was eligible for disability, noting on December 16, 2009 that she and Plaintiff "discussed that TIA would not be a reason for pursuing disability." R. 296.

Additionally, Dr. Charles's opinion is contradicted by Plaintiff's report of her activities of daily living, and the ALJ did not err by considering these activities. One month after Plaintiff's disability onset date, she reported caring for her granddaughter a few days a week, walking for thirty minutes, cooking, doing light chores such as laundry, reading, using the computer, and watching television. R. 107-11. This amount of activity, unlike that reported in Hines, 453 F.3d

at 565–66, is inconsistent with Dr. Charles's opinion, when viewed in light of the entire record. Unlike the ALJ in Hines, id., the ALJ here did not ignore Plaintiff's reports of pain while performing some activities, noting, for example, that Plaintiff "stated that, in 2008, she also had muscle spasms in her back every few days" and that she would sit on park benches during her walks if she needed a break. R. 540. Even considering the limitations Plaintiff mentioned, the ALJ found that this evidence contradicted Dr. Charles's opinion.

Additionally, it was not error for the ALJ to consider the non-examining physicians' opinions and to weigh them more heavily than Dr. Charles's. The ALJ did not give these opinions controlling weight, but he instead afforded them moderate weight, finding that "the new evidence received in the course of developing the claimant's case for review at the administrative hearing level reflects the presence of a musculoskeletal impairment which is medically severe and functionally limiting." R. 543. Thus, although these doctors did not examine the evidence submitted after their evaluations, the ALJ did. R. 543. Hence, this evidence was not considered by itself but in connection with the entire record, which supports the notion that the TIA is a nonsevere impairment and that the musculoskeletal impairment represents a severe impairment. Id.

The evidence contained in Dr. Charles's medical reports, Plaintiff's daily activities, and the non-examining physicians' opinions is substantial, and Dr. Charles's opinion is inconsistent with it. The ALJ articulated his reasons for the weight assigned to Dr. Charles's opinion. See R. 537–38. Therefore, the ALJ was justified in giving Dr. Charles's opinion little weight.

Plaintiff also argues that "the ALJ failed to cite to substantial evidence supporting his RFC finding after having essentially rejected the opinions from treating physician Dr. Charles." Doc. 10 at 15. RFC is a claimant's ability to do physical and mental work activities on a

sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1545. Here, the ALJ found that Plaintiff was capable of performing light work as defined in 20 C.F.R. §404.1567(b) with certain exceptions based upon her limitations. See R. 543. Contrary to Plaintiff's argument, "the ALJ is not precluded from making a RFC determination in 'the absence of an opinion from an acceptable medical source.'" Combs v. Astrue, No. 4:11cv43, 2012 WL 175028, at *3 (E.D. Va. Jan. 20, 2012) (citing Meneses v. Astrue, No. 08-23389-CIV, 2011 WL 159517, at *4 (S.D. Fla. Apr. 4, 2011)); see also Felton-Miller v. Astrue, 459 Fed.Appx. 226, 230–31 (4th Cir. 2011) (noting that the ALJ properly based his RFC finding on the claimant's subjective complaints, the objective medical evidence, and the opinions of treating, examining, and nonexamining physicians). The record here is clear that the ALJ considered Plaintiff's reports of pain, diagnostic test results, Plaintiff's reports of daily activities, and the opinions of the treating, examining, and nonexamining physicians in determining Plaintiff's RFC. See R. 537–43. For example, the ALJ considered lumbar radiographs taken on December 9, 2009, Plaintiff's ability to walk effectively and her description of her symptoms, her treatment history, neurological workup, and physical examinations. Id. Therefore, substantial evidence supported the ALJ's determination of Plaintiff's RFC.

**B. The ALJ Made Appropriate Credibility Determinations.**

Plaintiff objects to the Magistrate Judge's recommendation that the ALJ properly evaluated Plaintiff's credibility and also argues that the ALJ failed to adequately consider Plaintiff's husband's testimony, an argument the Magistrate Judge failed to address. Doc. 14 at 6–7.

This Court does not make credibility determinations, and its role is limited to deciding whether the ALJ's decision "is supported by substantial evidence and was reached based upon a

correct application of the relevant law." Craig, 76 F.3d at 589. A claimant alleging pain must first present objective medical evidence that shows the existence of a medical impairment reasonably likely to produce the pain claimed. See id. at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)). If the plaintiff presents such evidence, the ALJ the can evaluate the intensity and persistence of the pain claimed and the extent to which it affects a claimant's ability to work. See id. at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)). The ALJ's evaluation "must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings . . . any objective medical evidence of pain . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id.

Here, Plaintiff presented objective medical evidence showing the existence of a medical impairment reasonably likely to produce pain. The ALJ noted that claimant presented evidence of suffering a mini-stroke and a spinal disorder, right knee disorder, arthritis in multiple joints, and anxiety attacks with sleep disturbances. See R. 540. The ALJ found, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." R. 541. In evaluating her credibility, the ALJ specifically noted that Plaintiff "has not experienced recurrent TIA symptoms, but subjectively alleges apprehensiveness and anxiety over having another attack." R. 541. However, the ALJ also found that "despite [Plaintiff's] allegations of anxiety, she has no history of mental health treatment and psychiatric portions of examinations conducted by her primary care physician were repeatedly negative for depression, nervousness, and anxiety, showing no signs of disturbance of mood, memory, affect, or judgment." R. 541. Additionally, when evaluating

Plaintiff's complaints relating to her arthritis and degenerative disk disease, the ALJ found that x-rays taken more than a year after the date Plaintiff was last insured did not show "signs of herniation, bulging, fracture, or nerve root compression." R. 541. The ALJ also considered the fact that "examinations were negative for restricted range of motion of the spine and extremities, edema, motor weakness, and sensory and reflex deficits." R. 541. The ALJ noted that Plaintiff's gait was occasionally antalgic but that her doctor never recommended surgical intervention. R. 541–42. The ALJ also considered Plaintiff's conservative treatment history and positive response to medication. R. 542. Additionally, the ALJ properly considered Plaintiff's daily activities. R. 542. Contrary to Plaintiff's assertion that the ALJ equated evidence of Plaintiff's daily activities with the ability to perform light exertional work, Doc. 14 at 7, the ALJ was permitted to consider this evidence as a factor when determining Plaintiff's credibility. See Johnson, 434 F.3d at 658.

It is clear that the ALJ considered the record as a whole when evaluating the intensity and persistence of Plaintiff's claim and the extent to which it affects her ability to work. Therefore, substantial evidence supports the ALJ's finding that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." R. 541.

Additionally, substantial evidence supports the ALJ's credibility findings regarding Plaintiff's husband, Mr. Little. The ALJ noted that Mr. Little's testimony "is credible to the extent that it corroborates the claimant's testimony that her daily activities were restricted" but found that "it does not prove that she was unable to perform work activity at the light exertional level." R. 542. Although the ALJ must state his reasons for disregarding each witness's testimony, see Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001), the ALJ need not list specific reasons for discrediting a witness's testimony if that testimony is discredited by the same

evidence that discredits the claimant's testimony or if that testimony is cumulative of the claimant's testimony. See Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995); see also Davis v. Astrue, 237 Fed. Appx. 339, 342 (10th Cir. 2007). In Lorenzen, the Eighth Circuit upheld the ALJ's decision to discredit a witness's testimony, because even though the "ALJ failed to list specific reasons for discrediting the testimony . . . it is evident that most of her testimony concerning [the claimant's] capabilities was discredited by the same evidence that discredits [the claimant's] own testimony concerning his limitations." 71 F.3d at 319. Similarly, in Davis, the Tenth Circuit upheld the ALJ's decision to discredit the claimant's wife's testimony without stating specific reasons for so doing, because the wife's testimony "was largely cumulative of her husband's testimony." 237 Fed. Appx. at 342. The Tenth Circuit noted that where "the ALJ's decision states and demonstrates that he considered all of the evidence, 'our general practice, which we see no reason to depart from here, is to take [the] lower tribunal at its word.'" Id. (citing Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005)).

In this case, as in Davis and Lorenzen, 237 Fed. Appx. at 342, 71 F.3d at 319, Mr. Little's testimony appears cumulative of Plaintiff's, see R. 587–91, and the ALJ stated that Mr. Little's testimony corroborated Plaintiff's testimony regarding her daily activities. R. 542. For the same reasons the ALJ discredited Plaintiff's testimony concerning the severity of her pain, the ALJ found that Mr. Little's testimony failed to prove that Plaintiff was unable to perform work activity at the light exertional level. R. 542. Since Mr. Little's testimony was cumulative of and corroborated Plaintiff's testimony regarding her daily activities, the ALJ's omission of specific reasons regarding its credibility is not grounds for remand. See Davis, 237 Fed. Appx. at 342 (declining to remand when the ALJ did not explicitly discuss a witness's cumulative testimony). Therefore, the ALJ made appropriate credibility findings as to both Plaintiff and her husband.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes that the ALJ properly weighed the medical evidence in this case, properly determined Plaintiff's residual functional capacity, and made appropriate credibility determinations of Plaintiff and her husband. Accordingly, the Court **OVERRULES** Plaintiff's objections, Doc.14, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation, Doc. 13. The Court **DENIES** Plaintiff's Motion for Summary Judgment or for Remand, Docs. 8, 9, **GRANTS** Defendant's Motion for Summary Judgment, Doc.11, and **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Acting Commissioner be upheld.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 23, 2016